IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KIRK DAVID HALCOMB                                                                              PETITIONER

vs.                                           Civil No. 6:19-cv-6071

MIKE McCORMICK, Sheriff
Garland County, Arkansas                                                                        RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition for *Habeas Corpus* Relief pursuant to 28 U.S.C. 2241 (ECF No. 1) filed herein by **KIRK DAVID HALCOMB**, (hereinafter referred to as "Halcomb"). Halcomb is not currently confined in the Garland County Detention Center, the place of his confinement at the time the Petition was filed. The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. A Response has been filed to the Petition. ECF No. 15. Additionally, Respondent has filed a Motion to Dismiss the Petition. ECF No. 20. The Court has considered the entire record and as set out below, recommends this Petition for *Habeas Corpus* Relief be **DENIED**.

**1. Instant Petition:**

Halcomb filed the instant Petition on June 26, 2019. At the time of the filing the Petition, he was being held in custody by the Respondent, Sheriff of Garland County, Arkansas at the Garland County Detention Center. ECF No. 1, p. 1. According to the Petition, Halcomb was being held pursuant to an extradition request from the state of Louisiana and was not subject to any period of confinement because of an action by the courts of Arkansas. He alleges he had been incarcerated for a total of 88 days "pending extradition." ECF No. 1, p. 2. The Petition alleges Louisiana had not

provided "governor's warrants to Arkansas on 2 different occasions. Finally, he alleges Arkansas had denied his release despite Louisiana not "coming to get me, I am not set to be released on my liberty nor bond set." ECF No. 1, p. 6. He requested release and that the pending "charges from Louisiana be not processed for failure to prosicute [sic] or dismissed." ECF No. 1, p. 7.

Respondent asserts the Petition should be dismissed as Halcomb was "transferred to the State of Louisiana on or about the 1st day of August, 2019 . . . . Defendant is no longer in the care, custody and control of the Garland County Detention Facility." ECF No. 15, p. 2. Additionally, Respondent asserts in his Motion to Dismiss that Halcomb has failed to keep the Court informed of his current address and the Petition should be dismissed for failure to prosecute pursuant to Local Rule 5.5 (c)(2). ECF No. 20. Because I find Halcomb has not complied with the Local Rules as set out below, the Court will not address the "in custody" argument raised by the Respondent.

**2. Discussion**:

Although *pro se* pleading are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F. 2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court

has the power to dismiss an action based on "the plaintiff's failure to comply with any court order." *Brown v. Frey*, 806 F. 2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Here, Halcomb filed the instant Petition on June 26, 2019. ECF No. 1. Respondent states Halcomb was in custody of Garland County, Arkansas as a result of a warrant from Louisiana and was transferred to Caddo Parish, Louisiana on August 1, 2019. ECF No. 15-2. Two different mailings from the Court to Halcomb were returned marked "not here." The first on November 18, 2019 (ECF No. 17) and the second on November 20, 2019 (ECF No. 18.). Halcomb has not notified the Court of a new address nor communicated with the Court in any fashion after the filing of the initial Petition. He has failed to keep the Court informed of his address and has failed to prosecute this case. Therefore, pursuant to Federal Rules of Civil procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that the Petition in this case should be dismissed.

**3.     Recommendation**:

Accordingly, based on the foregoing, it is recommended the Petition for *Habeas Corpus* Relief pursuant to 28 U.S.C. 2241 (ECF No. 1) be **DISMISSED without prejudice.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 19th day of February 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE